**EXHIBIT 17**

CONFIDENTIAL



Send all correspondence to:
Farmers National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389
Email: claimsdocuments@farmersinsurance.com

January 16, 2017

**Via certified and US mail**

Michael Spagnola
Siegel, O'Connor, O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

Re:  Insured:             Geaux Fish Fairfield LLC
     Policy Number:        PPS 08202006
     Claim Unit Number:    3007142506
     Loss Date:            July 17, 2015 (for reporting purposes)
     Plaintiffs:           Ashley Pastor, April Lacko

Dear Mr. Spagnola:

Foremost Insurance Company ("Foremost") has completed its review of your December 16, 2016 letter in which you request that Foremost reconsider its denial of coverage with respect to this matter. There may be no coverage for this matter pursuant to the Employment Related Practices Exclusion that we have previously brought to your attention. However, this will advise that Foremost will provide a defense to Geaux Fish Fairfield, LLC dba Local Kitchen and Beer Bar ("Geaux Fish") subject to a complete reservation of its rights under the following policy provisions and law. A more detailed explanation of our reservation of rights follows.

## BACKGROUND

While we acknowledge you likely disagree with the allegations against Geaux Fish, our decision regarding coverage must be based on the claim that has been presented. The purpose of this letter is to explain our position and give you an opportunity to provide us with any additional information which you believe may impact our analysis of this claim.

Case number 3:16-cv-00812-MPS was filed in U.S. District Court, District of Connecticut. The Counts are Sexual Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964, 29 U.S.C. section 2000e-2 et seq.; Sexual Discrimination and Harassment in Violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. section 46a-60(a)(1); Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-3; Retaliation in Violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. section 46-a-60(4); Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Violation of Conn. Gen. Stat. section 31-72, 31-76b, Unpaid Overtime Wages (by plaintiff Pastor); Assault (by plaintiff Lacko); and Invasion of Privacy (by plaintiff Pastor). The complaint seeks compensatory and punitive damages; lost past and future wages and benefits; double damages and reasonable

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

attorney fees and costs pursuant to Conn. Gen. Stat. section 31-72; and attorney fees and costs pursuant to statute and common law.

The complaint alleges the following: Plaintiff Pastor was employed by Geaux Fish beginning in December 2013, and she was constructively discharged from her position as a server on July 17, 2015 as a result of a culture of sexually harassing and illegal work conditions. On July 18, 2015, shortly after informing restaurant manager Minnery that she could no longer tolerate the workplace environment, Pastor received a text message from Minnery containing pictures of a mock obituary of her that he wrote. Minnery hung the "obituary" in the restaurant, in the management office, and on the manager's office door. Plaintiff Lacko began working at the restaurant in December 2013 as a bartender. Minnery made sexually harassing comments to Lacko, and in May 2015, another manager, Gocklowski, touched her inappropriately. On June 8, 2015, Gocklowski terminated Lacko's employment. Geaux Fish, by and through its agents, discriminatorily denied plaintiffs equal treatment on the basis of gender and subjected them to a sexually hostile work environment. Geaux Fish failed to adequately investigate and remedy the treatment despite defendant's knowledge of the conduct. As a result of plaintiffs' complaints, Geaux Fish retaliated against them by terminating their employment and discounting their actual hours worked. Pastor claims that her time cards were altered to deprive her of overtime pay due; Geaux Fish has failed to pay her for this overtime; and she is entitled to double the amount due, plus costs and attorney fees. Pastor also claims that by publicizing traumatic events in her private life, Geaux Fish invaded her privacy and caused her severe emotional distress.

## POLICY OF INSURANCE

Policy number PPS 08202006 was issued by Foremost to Geaux Fish Fairfield LLC on November 30, 2013. The relevant policy period is November 30, 2014 to November 30, 2015. The relevant policy form is the Businessowners Liability Coverage Form (BP 00 06 01 97). The policy limits are $1,000,000 each occurrence. This policy does not contain Employment Practices Liability Coverage.

Because some of the alleged conduct may have occurred prior to November 30, 2014, we are in the process of obtaining the November 30, 2013 to November 30, 2014 policy to confirm the coverages in the policy for that policy term. Upon receipt of the policy, we will advise if there is any difference between the 2013 to 2014 term and the 2014 to 2015 term.

Please note that the insuring agreement found in the **Businessowners Liability Coverage Form (BP 00 06 01 97)** has been modified by the **Personal And Advertising Injury Coverage Amendatory Endorsement (E3342 ED1)**, which replaces the terms "personal injury" and "advertising injury" with the term "personal and advertising injury". The **E3342 ED1** also consolidates certain language regarding the policy period, coverage territory and replaces the exclusions.

## BUSINESSOWNERS LIABILITY COVERAGE FORM (BP 00 06 01 97)

A. COVERAGES

1. BUSINESS LIABILITY

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    b. This insurance applies:

        (1) To "bodily injury" and "property damage" only if:

            a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

            b) The "bodily injury" or "property damage" occurs during the policy period.

        (2) To:

            a) This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

    d. **Coverage Extension – Supplementary Payments**

    In addition to the Limit of Insurance we will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

    (5) All costs taxed against the insured in the "suit".

            \*        \*        \*        \*

**F. Liability And Medical Expenses Definitions**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

9. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

13. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

15. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

16. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which this insurance applies are alleged.

   "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

17. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

   *       *       *       *

B. Exclusions

   1. Applicable To Business Liability Coverage

      This insurance does not apply to:

         d. Workers' Compensation And Similar Laws

4

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

    **e.**   **Employer's Liability**

    "Bodily Injury" to:

    **(1)**   An "employee" of the insured arising out of and in the course of:

        **(a)**   Employment by the insured; or

        **(b)**   Performing duties related to the conduct of the insured's business; or

    **(2)**   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

    This exclusion applies:

        **(a)**   Whether the insured may be liable as an employer or in any other capacity; and

        **(b)**   To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

       \*      \*      \*      \*

This policy includes the **Employment-Related Practices Exclusion endorsement (BP 04 17 01 96)** which states:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

The following exclusion is added to Section **B.** EXCLUSIONS of the Businessowners Liability Coverage Form:

This insurance does not apply to:

**1.**   "Bodily injury" or "personal injury" to:

    **a.**   A person arising out of any:

        **(1)**   Refusal to employ that person;

        **(2)**   Termination of that person's employment; or

        **(3)**   Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

    **b.**   The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal injury" to that person at whom any of the employment-related practices described in paragraphs **(1)**, **(2)** or **(3)** above is directed.

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

This exclusion applies:

a. Whether the insured may be liable as an employer or in any other capacity; and

b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*   \*   \*   \*

The policy also includes the **Abuse or Molestation Exclusion endorsement (BP 04 39 01 96)** which states:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

This insurance does not apply to "bodily injury", "property damage", "advertising injury" or "personal injury" arising out of:

(a) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

(b) The negligent:

(i) Employment;

(ii) Investigation;

(iii) Supervision;

(iv) Reporting to the proper authorities, or failure to so report; or

(v) Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

\*   \*   \*   \*

The policy contains the **Commercial Umbrella Coverage Form (982003 Ed. 1-96)** with a $1,000,000 each occurrence limit. There is no retained limit. The commercial umbrella coverage form is modified by the **Umbrella Amendatory Endorsement (985013 Ed. 09-01)** which replaces the definitions of Advertising Injury, Personal Injury, and Property Damage and modifies the definition of "suit". The Commercial Umbrella Coverage Form also contains the **Amendment of Insuring Agreement – Known Injury or Damage endorsement (985021, Ed. 3-00)** which replaces Item 1.01 Coverage. These changes are reflected in the following in relevant part:

\*   \*   \*   \*

**SECTION 1. INSURING AGREEMENTS**

**1.01 Coverage**

A) We will pay on behalf of the insured those sums in excess of the "retained limit" which the insured becomes legally obligated to pay as damages for:

6

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

1) "Bodily injury" or "property damage" to which this insurance applies, occurring during the POLICY PERIOD stated on the DECLARATIONS PAGE and caused by an "occurrence";

2) "Personal injury" to which this insurance applies, caused by an offense committed during the POLICY PERIOD stated on the DECLARATIONS PAGE and arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

3) "Advertising injury" to which this insurance applies, caused by an offense committed during the POLICY PERIOD stated on the DECLARATIONS PAGE and in the course of advertising your goods, products or services.

B) This insurance applies to "bodily injury" and "property damage" only if:

1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;

2) The "bodily injury" or "property damage" occurs during the POLICY PERIOD; and

3) Prior to the POLICY PERIOD, no insured listed under Item 3.01, of SECTION 3.WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or "claim", knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the POLICY PERIOD, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the POLICY PERIOD will be deemed to have been known prior to the POLICY PERIOD.

C) "Bodily injury" or "property damage" which occurs during the POLICY PERIOD and was not, prior to the POLICY PERIOD, known to have occurred by any insured listed under Item 3.01, of SECTION 3. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or "claim", includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the POLICY PERIOD.

D) "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Item 3.01, of SECTION 3. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or "claim":

1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

2) Receives a written or verbal demand or "claim" for damages because of the "bodily injury" or "property damage"; or

3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

E) Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

F) No other obligation or liability to pay sums or perform any act or service is covered unless explicitly provided for under Item 1.02, Defense, Settlement and Supplementary Payments.

\*       \*       \*       \*

7

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

**1.02 Defense, Settlement and Supplementary Payments**

A) When "underlying insurance" does not apply to an "occurrence" or offense and coverage for the "occurrence" or offense is provided by this coverage part, we have the right and duty to defend any "suit" seeking damages but:

  1) The amount we will pay for damages, subject to the "retained limit", is limited as described in Item 1.03, Limits of Insurance;

  2) We may, at our option, investigate any "occurrence" or offense and settle any "claim" or "suit" that may result;

  3) The amount we pay for defense is in addition to the applicable LIMITS OF INSURANCE stated on the DECLARATIONS PAGE; and

  4) Our right defend ends when we have used up the applicable limit of insurance in the payment of judgments and settlements.

B) When "underlying insurance" does apply to an "occurrence" or offense, we are not obligated to investigate, defend or be responsible for payment of supplementary expenses provided by the "underlying insurance". However, we have the right and opportunity to associate with you and your underlying insurer in the defense and control of any "claim" or "suit" reasonably likely to involve us. Should this occur, you are obligated to cooperate fully with us.

When the limits of insurance, afforded to you by your "underlying insurance", are used up by an "occurrence" or offense, we will assume charge of the settlement or defense of any "claim" or "suit" against you resulting from the same "occurrence" or offense. Our coverage part must cover the "occurrence" or offense and be the immediate excess coverage of your "underlying insurance". When we associate with you or assume charge of the defense of any "claim" or "suit", we will do so at our own expense. The amount we pay for defense is in addition to the applicable LIMITS OF INSURANCE stated on the DECLARATIONS PAGE. Our right to defend ends when we have used up the applicable limits of insurance in the payment of judgments and settlements.

C) Supplementary Payments. We will pay with respect to any "claim" or "suit" we defend under this coverage part:

  .......

  5) All costs taxed against the insured in the "suit".

  .......

The amount we pay for Supplementary Payments is in addition to the applicable LIMITS OF INSURANCE stated on the DECLARATIONS PAGE. Our duty to make Supplementary Payments described in 1), 2), 3), 4), and 5), above, ends when we have used up the applicable limit of insurance in the payments of judgments and settlements.

*       *       *       *

This commercial umbrella includes the **Employment-Related Practices Exclusion endorsement (983104, Ed. 9-00)** which states:

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM

This insurance does not apply to "bodily injury", "personal injury", or "advertising injury" to:

- A) A person arising out of any:
    1) Refusal to employ that person;
    2) Termination of that person's employment; or
    3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or
- B) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury", "personal injury", or "advertising injury" to that person at whom any of the employment-related practices described in paragraphs **1), 2)** or **3)** above is directed.

This exclusion applies:

1) Whether the insured may be liable as an employer or in any other capacity; and
2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

\*   \*   \*   \*

The commercial umbrella includes the **Abuse or Molestation Exclusion endorsement (983001, Ed. 1-96)** which states:

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

- A) The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
- B) The negligent:
    1) Employment;
    2) Investigation;
    3) Supervision;
    4) Reporting to the proper authorities, or failure to so report; or
    5) Retention;

    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by A) above.

\*   \*   \*   \*

9

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

## COVERAGE DISCUSSION

Plaintiff Pastor claims that by publicizing traumatic events in her private life, Geaux Fish invaded her privacy. The definition of "personal and advertising injury" includes oral or written publication of material that violates a person's right of privacy. To the extent that a claim for "personal and advertising injury" is made that is not related to plaintiff's employment with Geaux Fish, there may be coverage under this policy.

There are no allegations in the complaint seeking damages for "property damage".

### Specific Reservations

Foremost specifically reserves the right to deny coverage for the following reasons:

1. **Claims for past and future wages and benefits; double damages and attorney fees and costs pursuant to Conn. Gen. Stat. section 31-72; discrimination; harassment; and wrongful termination are not covered.**

   The **Businessowners Liability Coverage Form** covers claims for "bodily injury" and "property damage" caused by an "occurrence" and "personal and advertising injury" caused by an offense. Claims for unpaid wages and related penalties, discrimination, harassment, and wrongful termination do not fall within the definitions of "bodily injury", "property damage" or "personal and advertising injury".

   The **Employment-Related Practices Exclusion endorsement** excludes coverage for "bodily injury" or "personal injury" to a person arising out of termination of employment and other employment-related practices, such as harassment, humiliation, or discrimination.

2. **There is no coverage for "bodily injury" to an "employee".**

   This insurance does not apply to any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law (**Exclusion 1.d. Workers' Compensation And Similar Laws**) or for "bodily injury" to an "employee" of the insured arising out of and in the course of employment by the insured, or performing duties related to the conduct of the insured's business (**Exclusion 1.e. Employer's Liability**).

3. **There is no coverage for "bodily injury" arising from an assault.**

   Plaintiff Pastor alleges that Geaux Fish's management engaged in a physical assault against her. In addition to there being no coverage for "bodily injury" to an "employee", there is no coverage for "bodily injury" arising from an assault which is an inherently intentional act that does not constitute an "occurrence", or accident.

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

4. **There is no coverage for damages arising from actual or threatened abuse.**

   The policy excludes coverage for "bodily injury", "property damage", "advertising injury" or "personal injury" arising out of the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or the negligent employment, investigation, supervision, reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the above. (**Abuse or Molestation Exclusion endorsement, BP 04 39 01 96**)

5. **There is no coverage for punitive damages.**

   In Connecticut, directly assessed punitive damages are not insurable.

6. **Attorney fees may not be covered under the policy.**

   Foremost reserves the right to decline coverage for any attorney fees awarded to plaintiffs to the extent damages awarded are not covered under the policy.

   \*          \*          \*          \*

## General Reservations

Foremost's conditional acceptance of this defense is undertaken subject to the following additional reservations of rights:

1. Foremost reserves the right to withdraw from the defense when or if Foremost determines, through a declaratory judgment action or otherwise, that there is no potential for coverage under the policy;

2. Foremost reserves the right to enter into settlement negotiations and to conclude any reasonable settlement of the subject action;

3. Foremost reserves the right to seek reimbursement for any and all monies that it may pay for any settlement or judgment in the subject action that constitute indemnification payments for which it is later determined that there is no coverage;

4. Foremost reserves the right to seek equitable contribution from Geaux Fish's other liability insurers, if any, for any and all monies that may be paid in defense of the subject action;

5. Foremost reserves the right to seek reimbursement from Geaux Fish for any and all monies that it may pay for Geaux Fish's defense in the subject action;

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

> 6. Foremost reserves the right to disclaim indemnity coverage under the Foremost policy for all causes of action and/or requested relief that fall outside the coverage of the policy; and
>
> 7. Foremost reserves the right to pursue a declaratory judgment action requesting a declaration of no coverage under the Foremost Policy for any of the claims asserted in the subject suit.

Neither Foremost's investigation into this claim for coverage, this letter, nor any other correspondence or communication from or on behalf of Foremost should be deemed or construed as a waiver of any rights or defenses it may have, including its rights and defenses under the Foremost policy, any applicable contract of insurance, by statute, or at common law. This letter is therefore without prejudice to Foremost's rights and defenses under the Foremost policy, and Foremost hereby reserves all such rights and defenses.

Foremost's position regarding coverage as described above is based upon presently available information. This letter is therefore not intended to specify each and every basis upon which coverage is or may be precluded under the Foremost policy for the claims asserted in the subject suit. The above-stated grounds on which Foremost has reserved its rights to deny coverage for those claims may not be inclusive of all the defenses available to it under the Foremost policy. Foremost accordingly reserves the right to raise additional defenses to coverage as and when they become known, as warranted by any new information obtained later, or as claims asserted may be later amended.

The statement in this letter of Foremost's grounds for reserving its right to deny coverage under the Foremost policy should not be deemed to waive any additional defense to coverage or ground for denial of coverage and defense under the policy. Rather, Foremost specifically reserves its right to assert and rely upon any further defense to coverage that may be available under the terms and conditions of the Foremost policy, regardless of whether it is stated above, or whether the basis for its assertion is or could have been presently known.

We respectfully remind Geaux Fish of its obligations to cooperate with Foremost and defense counsel in the investigation and defense of the subject claims. If you are aware of any facts or circumstances that you believe should affect our coverage evaluation, or if you know of any facts or circumstances that would support any views contrary to those expressed in this letter, we would welcome your written comments. Please let us know of any additional information that you develop or receive regarding this claim or the coverage issues and positions set out above.

\*          \*          \*          \*

**CONCLUSION**

The Foremost policy limit under the Businessowners Liability Coverage Form is $1,000,000 per occurrence. The Commercial Umbrella policy limit is $1,000,000. The complaint seeks unspecified damages with respect to this claim. In the event that a judgment is entered against

CONFIDENTIAL

Michael Spagnola, Siegel, O'Connor, O'Donnell & Beck, P.C.
Claim Number: 3007142506

Geaux Fish, under no circumstances can Foremost be responsible for amounts in excess of the policy limit.

Although Foremost will retain counsel to represent the insured's interests in this matter pursuant to the reservation of rights articulated above, Geaux Fish may engage its own attorney at its own expense in the defense of this case. Our selected attorney will cooperate to the fullest extent possible with any attorney Geaux Fish may select. Please be assured that whether or not Geaux Fish engages its own counsel, we will defend this action, at Foremost's expense, in accordance with the terms and conditions of the policy, subject to the above cited General Reservations.

Foremost's position is based upon our investigation and the information currently available to us. If you have any additional information related to this matter, or if Geaux Fish is served with an amended complaint in relation to this matter, please forward such to the attention of claims representative Christine Conkling for review and consideration. Any additional information received will be promptly reviewed.

If you have any questions, please do not hesitate to contact the undersigned or the assigned claims representative, Christine Conkling at (248) 997-6918. This will allow us the opportunity to review and discuss your concerns.

Sincerely,
**Foremost Insurance Company**

*[signature: Keith Bartosik]*

Keith Bartosik
Commercial Field Claim Manager


copy:   Bouvier Beckwith & Lennox Insurance
        via email


        Geaux Fish Fairfield, LLC                    **via certified and US mail**
        819 Bridgeport Ave.
        Shelton, CT  06484